McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-444
WR-8387
Attorneys for Defendants

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARIA HUDAK,<br><br>    Plaintiff,<br><br>v.<br><br>FEDERATED DEPARTMENT STORES,<br>INC., MACY'S EAST, INC. and JOHN DOES<br>1-10,<br><br>    Defendants. | **NOTICE OF REMOVAL** |

TO:   The Honorable Judges of the
      United States District Court
      District of New Jersey

Petitioners, Federated Department Stores, Inc. ("Federated") and Macy's East, Inc.

("Macy's"), the named defendants in the above entitled action, state:

1.     Defendants Federated and Macy's desire to exercise their rights under the

provisions of 28 U.S.C. § 1441, *et seq.*, to remove this action from the Superior Court of New

Jersey, Law Division, Passaic County, in which said cause is now pending under the name and

style *Marie Hudak v. Federated Department Stores, Inc., Macy's East, Inc. and John Does 1-10,*

bearing Docket Number No. PAS-L-003174-05, to the United States District Court for the

District of New Jersey. Defendant Federated was served a Summons and a copy of a Complaint in this action on or about August 1, 2005. Copies of the Summons and Complaint are attached hereto as Exhibit A. No further proceedings have occurred therein.

2.     The above-described action is a civil action arising out of the Plaintiff's employment at Macy's and her termination of employment on or about July 5, 2004.

3.     This action filed by plaintiff in state court is removable to this Court under 28 U.S.C. § 1441(a) as an action of which this Court has original jurisdiction under 28 U.S.C. § 1332, in that it is a civil action wherein, upon information and belief, the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

4.     Plaintiff at the time the aforesaid action was commenced was and still is a citizen of the State of New Jersey. Defendant Federated at the time said action was commenced was and still is a corporation incorporated under the laws of the state of Delaware and was not and is not a citizen of the State of New Jersey wherein this action was brought. The principal place of business of Defendant Federated was at the time the action was commenced and still is located in the State of Ohio. Defendant Macy's at the time said action was commenced was and still is a corporation incorporated under the laws of the state of Ohio and was not and is also not a citizen of the State of New Jersey, wherein this action was brought. The principal place of business of the Defendant Macy's was at the time the action was commenced and still is located in the State of New York and not in the State of New Jersey.

5.     28 U.S.C. § 1441(a) provides in pertinent part that "[f]or purposes of removal . . . the citizenship of defendants sued under fictitious names shall be disregarded."

6.     Defendants Federated and Macy's are filing this notice within thirty (30) days of

ME1\5187348.1

service of the Summons and Complaint, as required by 28 U.S.C. § 1446.

7.      Defendants will file a notice of filing this Notice of Removal and a copy of the

Notice of Removal with the Clerk, pursuant to 28 U.S.C. § 1446(d), a copy of which is attached

hereto as Exhibit B.

8.      Defendants will serve written notice to opposing counsel of the filing of this

Notice of Removal pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Defendants Federated and Macy's pray that the above action now

pending against it in the Superior Court of New Jersey Law Division, Passaic County to this

Court.

                              Respectfully submitted,

                              McCarter & English, LLP
                              Attorneys for Defendants
                              FEDERATED DEPARTMENT STORES,
                              INC. and MACY'S EAST, INC.


                              By: _____
                                  William T. Reilly
                                  A Member of the Firm

Date: August  26, 2005


Of Counsel

Robert P. Joy
Allison K. Romantz
MORGAN, BROWN & JOY LLP
200 State Street
Boston, MA 02109
617.523.6666

**Exhibit A**

PIRO, ZINNA, CIFELLI
PARIS & GENITEMPO, P.C.
360 Passaic Avenue
Nutley, New Jersey 07110
(973) 661-0710

Attorneys for Plaintiff

| | | |
|---|---|---|
| MARIE HUDAK, | : | SUPERIOR COURT OF NEW JERSEY |
| | | LAW DIVISION: PASSAIC COUNTY |
| Plaintiff, | : | DOCKET NO.:  PAS-L-003174-05 |
| v. | : | |
| | | CIVIL ACTION |
| FEDERATED DEPARTMENT STORES, | : | |
| INC., MACY'S INC., and | | |
| JOHN DOES 1-10 | : | **SUMMONS** |
| (fictitious names | | |
| representing unknown | : | |
| Defendants), | | |
| | : | |
| Defendants. | | |
| | : | |

To The Defendant(s) Named Above:
                    **FEDERATED DEPARTMENT STORES, INC.**

     The Plaintiff, named above, has filed a lawsuit against you
in the Superior Court of New Jersey.  The Complaint attached to
this Summons states the basis for this lawsuit.  If you dispute
this Complaint, you or your attorney must file a written Answer
or Motion and Proof of Service with the Deputy Clerk of the
Superior Court in the County listed above within 35 days from the
date you received this Summons, not counting the date you
received it.  (The address of each Deputy Clerk of the Superior
Court is provided.)  If the Complaint is one in foreclosure, then
you must file your written Answer or Motion and Proof of Service
with the Clerk of the Superior Court, Hughes Justice Complex, CN-
971, Trenton, NJ 08625.  A filing fee* payable to the Clerk of
the Superior Court and a completed Case Information Statement
(available from the Deputy Clerk of the Superior Court) must
accompany your Answer or Motion when it is filed.  You must also
send a copy of your Answer or Motion to Plaintiff's attorney
whose name and address appear above, or to Plaintiff, if no
attorney is named above.  A telephone call will not protect your
rights; you must file and serve a written Answer or Motion (with

fee and completed Case Information Statement) if you want the Court to hear your defense.

If you do not file and serve a written Answer or Motion within 35 days, the Court may enter a Judgment against you for the relief Plaintiff demands, plus interest and costs of suit. If Judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the Judgment.

If you cannot afford an attorney, you may call the Legal Services Office in the County where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

s/Donald Phelan

DONALD F. PHELAN

DATED: July 29, 2005                    Clerk of the Superior Court


Name of Defendant to be Served: Federated Department Stores, Inc.

Address of the Defendant to be Served:

c/o Michael Kreitman, Esq.
Federated Department Stores
151 West 34th Street
13th Floor
New York, New York 10001


*$135.00 FOR CHANCERY DIVISION CASES AND LAW DIVISION CASES

PASSAIC SUPERIOR COURT
PASSAIC COUNTY COURTHOUSE
77 HAMILTON STREET
PATERSON          NJ 07505

                                    TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. '(973) 247-8183
COURT HOURS

                    DATE:   JULY 26, 2005
                    RE:     HUDAK VS FEDERATED DEPARTMENT
                    DOCKET: PAS L -003174 05

    THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

    DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

    THE PRETRIAL JUDGE ASSIGNED IS:  HON JOSEPH J. RIVA

    IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     001
AT:  (973) 247-8205.

    IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
    PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                    ATTENTION:

                         ATT: ALAN GENITEMPO
                         PIRO ZINNA CIFELLI  PARIS
                         360 PASSAIC AVE
                         NUTLEY          NJ 07110

JUETD

PIRO, ZINNA, CIFELLI
PARIS & GENITEMPO, P.C.
360 Passaic Avenue
Nutley, New Jersey 07110
(973) 661-0710

Attorneys for Plaintiff

---

| | |
|---|---|
| MARIE HUDAK, | : SUPERIOR COURT OF NEW JERSEY |
| | LAW DIVISION: PASSAIC COUNTY |
| Plaintiff, | : DOCKET NO.: $L$-3174-05 |
| v. | : |
| | CIVIL ACTION |
| FEDERATED DEPARTMENT STORES, : | |
| INC., MACY'S INC., and | **COMPLAINT AND JURY DEMAND** |
| JOHN DOES 1-10 | : |
| (fictitious names | |
| representing unknown | : |
| Defendants), | |
| | : |
| Defendants. | |

---

Plaintiff, MARIE HUDAK, ("Plaintiff"), a female, residing at 513 Brittany Drive, Wayne, New Jersey 07470, who was at all times relevant to this complaint, an employee of Defendants, FEDERATED DEPARTMENT STORES, INC., ("Federated") and MACY'S, INC. ("Macy's) herein states:

## ALLEGATIONS RELEVANT TO ALL COUNTS

1.   At all times relevant hereto, Plaintiff was employed at Macy's Department Store, located at the Preakness Shopping Center, in the Township of Wayne, New Jersey 07470, in the County of Passaic.

2.    At all times relevant herein, Defendant Federated, owned Defendant Macy's and at all times relevant hereto, maintained direct and immediate authority over the operation of the Wayne, New Jersey Macy's store.

3.    On or about November 15, 1978, Sterns Department Stores hired Plaintiff.  Plaintiff was born on October 9, 1941 and was age 37 when hired.

4.    During the period of 1993 to 2004, Plaintiff was employed as a Counter Manager in the Ladies' Fragrance and Cosmetics Department.

5.    In or about 2001 Sterns department stores became Macy's stores under the ownership and control of Defendant Federated Department Stores, Inc.

6.    On or about July 5, 2004 Defendants Macy's and Federated discharged Plaintiff.  Plaintiff was age 63 when terminated.

7.    At all times relevant hereto, the Plaintiff duly performed all the duties of her position as Counter Manager, and was replaced by a younger person.

### FIRST COUNT

### VIOLATION OF THE NEW JERSEY
### LAW AGAINST DISCRIMINATION, 10:5-1, et. seq.

1.    The Plaintiff repeats each and every allegation as if the same were set forth at length herein.

2

2.    Defendants    did    maliciously    and    intentionally discriminate against Plaintiff with regard to her age.

3.    Said    conduct    included,    but    was    not    limited    to, rescinding Plaintiff's employee privileges, limiting Plaintiff's work  schedule,  criticizing  Plaintiff,  continually  harassing Plaintiff,  disciplining  Plaintiff  for  no  reason  and  falsely accusing Plaintiff of theft and searching her.  Defendants also discriminated against Plaintiff because of her age by taking measures to force Plaintiff's discharge or resignation.

4.    During October 2002 Plaintiff was accused of aiding a fellow Counter Manager in stealing a perfume tester from the fragrance counter and pressured to sign a statement to that effect, which plaintiff refused to do.  When Plaintiff responded that she would be consulting a lawyer Defendants' harassment temporarily ceased.

5.    In or about 2002 Defendants hired Ms. Betty White as Department Manager.  Ms. White stated that she was hired to "clean  house."    Ms.  White  rescinded  Plaintiff  and  other employees' privileges to making their own schedules and that of their part timers.  The counter manager also hired models (paid by the fragrance companies) to help sell their products during peak selling time.  Ms. White also took that responsibility away from only the Plaintiff.  Following this, Ms. White gave the older employees worse schedules than other younger employees.

3

As a result, by the end of the summer, every former Stern's employee over fifty-years old had resigned or retired from the Fragrance Department with the exception of Plaintiff.

6.    Defendants then began a systematic campaign to discharge Plaintiff or compel her resignation. During October 2003, Defendants suspended Plaintiff without pay for "not" taking her full lunch hour. During December 2003, Ms. Betty White gave Plaintiff the worst of the holiday schedules and refused to hire seasonal help for her counter while supplying the other counters with extra help. The same situation occurred during the January inventory. Plaintiff did the entire inventory herself. Finally, Plaintiff's purchases were continually searched while other younger employees were not. Plaintiff was ever required to open her personal handbag.

7.    Through comments, statements and actions described above, Defendants, FEDERATED created and/or contributed to the creation of a hostile work environment, in which Plaintiff was subjected to hostility and abuse, in addition to discrimination and termination in employment as a result of her age. Such abuse and discrimination is in direct violation of the New Jersey Law Against Discrimination, 10:5-1, et seq.

8.    As a direct and proximate result of the defendants' actions, Plaintiff has suffered and will continue to suffer

4

physical and emotional distress, economic loss, and mental uncertainty and anguish.

**WHEREFORE**, Plaintiff, MARIE HUDAK, demands judgment against the Defendants, FEDERATED DEPARTMENT STORES, INC., MACY'S, INC. and JOHN DOES 1-10 as follows:

1) compensatory damages;

2) lost wages;

3) punitive damages;

4) interest;

5) attorneys' fees;

6) costs of suit;

7) an Order compelling Defendants to institute training and education on the NJLAD and Civil Rights;

8) an Order compelling Defendants to study the activities of store managers to prevent further discriminatory abuses and violations of Civil Rights;

9) together with any other relief the Court deems just and equitable.

**SECOND COUNT**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

1. The Plaintiff repeats each and every allegation of the First Count as if the same were set forth at length herein.

5

2.   During the period of 2001 to July 2004, the Defendants intentionally created a hostile environment culminating in Plaintiff's dismissal.

3.   Said conduct included, but was not limited to, Defendants denying Plaintiff weekend and holiday hours, criticizing and harassing her, and subjecting her property to searches based on false accusations of theft.

4.   As a direct and proximate result of the defendants' actions, Plaintiff has suffered and will continue to suffer physical and emotional distress, economic loss, and mental uncertainty and anguish.

**WHEREFORE,** Plaintiff, MARIE HUDAK, demands judgment against the Defendants, FEDERATED DEPARTMENT STORES, INC., MACY'S, INC., and JOHN DOES 1-10 as follows:

1)   compensatory damages;

2)   lost wages;

3)   punitive damages;

4)   interest;

5)   attorneys' fees;

6)   costs of suit;

7)   an Order compelling Defendants to institute training and education on the NJLAD and Civil Rights;

6

8)  an Order compelling Defendants to study the activities of store managers to prevent further discriminatory abuses and violations of Civil Rights;

9)  together with any other relief the Court deems just and equitable.

### THIRD COUNT

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

1.  The Plaintiff repeats each and every allegation of the First and Second Counts as if the same were set forth at length herein.

2.  During the period of 2001 to July 2004, the Defendants negligently created a hostile environment culminating in Plaintiff's dismissal.

3.  Defendants FEDERATED DEPARTMENT STORES and MACY'S, INC. did negligently create and maintain a hostile work place by failing to take sufficient action to relieve Plaintiff of its employees' discriminatory practices. Defendants thereby discriminated against and harassed the Plaintiff in violation of state law and the Plaintiff's rights.

4.  As a direct and proximate result of the defendants' actions, Plaintiff has suffered and will continue to suffer physical and emotional distress, economic loss, and mental uncertainty and anguish.

**WHEREFORE**, Plaintiff, MARIE HUDAK, demands judgment against the Defendants, FEDERATED DEPARTMENT STORES, INC., MACY'S, INC., and JOHN DOES 1-10 as follows:

1) compensatory damages;

2) lost wages;

3) punitive damages;

4) interest;

5) attorneys' fees;

6) costs of suit;

7) an Order compelling Defendants to institute training and education on the NJLAD and Civil Rights;

8) an Order compelling Defendants to study the activities of store managers to prevent further discriminatory abuses and violations of Civil Rights;

9) together with any other relief the Court deems just and equitable.

### FOURTH COUNT

### FALSE IMPRISONMENT

1.   The Plaintiff repeats each and every allegation of the First, Second and Third Counts as if the same were set forth at length herein.

2.   Defendant, through its agents, servants and employees, unlawfully imprisoned and detained Plaintiff without cause or reasonable suspicion.

8

3.   Such conduct included, but was not limited to falsely accusing Plaintiff of theft and detaining her against her will, thereby depriving Plaintiff of her personal liberty.

4.   In February 2003 Mr. Michael Washington demanded to check Plaintiff's purse before allowing her to leave the store. Plaintiff requested the presence of a third party.   When Mr. Washington refused, Plaintiff sought out Store Manager, Erika Murphy in the ladies room.   After Ms. Murphy inspected the purse, finding no stolen items, Mr. Washington nevertheless detained Plaintiff for two and a half hours, demanded that she again be suspended, however, Ms. Murphy refused to do that. During the next two weeks Plaintiff was questioned by a Human Resources executive and then by someone from security.

5.   On or about July 5, 2004 a female security guard stopped Plaintiff and requested to search her purse.   Plaintiff again requested the presence of a third party and was refused this request.   Defendants' agents then again detained Plaintiff without cause for approximately two hours, suspended Plaintiff for a week without pay and subsequently terminated her employment.

6.   As a direct and proximate cause of the Defendant's **false** accusation, and unlawful detention of Plaintiff, Plaintiff has suffered great and lasting mental anguish, was humiliated, embarrassed, shocked, and was thereby injured and damaged in the

Plaintiff's good name and reputation, and as a proximate result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff, MARIE HUDAK, demands judgment against the Defendants, FEDERATED DEPARTMENT STORES, INC., MACY'S, INC., and JOHN DOES 1-10 as follows:

1) compensatory damages;

2) lost wages;

3) punitive damages;

4) interest;

5) attorneys' fees;

6) costs of suit;

7) an Order compelling Defendants to institute training and education on the NJLAD and Civil Rights;

8) an Order compelling Defendants to study the activities of store managers to prevent further discriminatory abuses and violations of Civil Rights;

9) together with any other relief the Court deems just and equitable.

### SIXTH COUNT

#### UNLAWFUL SEARCH AND SEIZURE

1. Plaintiff repeats each and every allegation of the First, Second, Third, Fourth and Fifth Counts as if same were set forth at length herein.

10

2.    Defendants,   through   their   agents,   servants   and employees,   committed   an   unlawful   search   and   seizure   upon Plaintiff's   property   in   violation   of   Plaintiff's   rights   and state law.

3.    Said conduct included but was not limited to, a female security  person  approaching  Plaintiff,  and  in  the  presence  of other persons, forcibly and unlawfully seizing the bag held by plaintiff and searching it.

4.    As a direct and proximate cause of the unlawful search and  seizure  of  Plaintiff's  property,  Plaintiff  suffered  great and   lasting   mental   anguish,   was   humiliated,   embarrassed, shocked, and was thereby injured and damaged in the Plaintiff's good name and reputation, and as a proximate result, Plaintiff has been damaged.

**WHEREFORE,** Plaintiff, MARIE HUDAK, demands judgment against the Defendants, FEDERATED DEPARTMENT STORES, INC., MACY'S, INC., AND JOHN DOES, 1-10 as follows:

1)    compensatory damages;

2)    lost wages;

3)    punitive damages;

4)    interest;

5)    attorneys' fees;

6)    costs of suit;

7)    an Order compelling Defendants to institute training and education on the NJLAD and Civil Rights;

8)    an Order compelling Defendants to study the activities of store managers to prevent further discriminatory abuses and violations of Civil Rights;

9)    together with any other relief the Court deems just and equitable.

## JURY DEMAND

Plaintiff, hereby demands trial by jury as to all matters herein.

## TRIAL DESIGNATION

Pursuant to R.4:5-1, Alan Genitempo, Esq., is hereby designated as trial counsel for the within matter.

## CERTIFICATION

I certify, pursuant to R.4:5-1, that the matter in controversy is not the subject of any other action or arbitration proceeding, now or contemplated, and that no other parties should be joined in this action at this time.

PIRO, ZINNA, CIFELLI
PARIS & GENITEMPO, P.C.
Attorneys for Plaintiff

By:  _____
Alan Genitempo, Esq.
A Member of the Firm

Dated:  July 21, 2005

12

# CIVIL CASE INFORMATION STATEMENT
## (CIS)



Use for initial Law Division – Civil Part pleadings (not motions) under Rule 4:5-1.
**Pleading will be rejected for filing, under Rule 1:5-6(c), if information above the black bar is not completed or if attorney's signature is not affixed.**

| FOR USE BY CLERK'S OFFICE ONLY | | |
|---|---|---|
| PAYMENT TYPE: | CK   CG | CA |
| CHG/CK NO. | | |
| AMOUNT: | | |
| OVERPAYMENT: | | |
| BATCH NUMBER: | | |

| ATTORNEY/PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| Alan Genitempo, Esq. | ( 973 ) 661-0710 | ~~Essex~~ PASSaic |

| FIRM NAME (if applicable) | DOCKET NUMBER (When available) |
|---|---|
| Piro, Zinna, Cifelli, Paris & Genitempo, P.C. | L- 3174.05 |

| OFFICE ADDRESS | DOCUMENT TYPE |
|---|---|
| 360 Passaic Avenue  Nutley, New Jersey 07110 | Complaint and Jury Demand |
| | JURY DEMAND  ✓ YES   ☐ NO |

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
|---|---|
| Marie Hudak, Plaintiff | Marie Hudak v. Federated Department Stores, Inc., Macy's Inc., and John Does 1-10 (fictitious names representing unknown Defendants) |

| CASE TYPE NUMBER (See reverse side for listing) 618, | IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES ✓ NO  IF YOU HAVE CHECKED "YES," SEE N.J.S.A. 2A:53A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |
|---|---|

| RELATED CASES PENDING?  ☐ YES ✓ NO | IF YES, LIST DOCKET NUMBERS |
|---|---|

| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)?  ☐ YES ✓ NO | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY, IF KNOWN  ☐ NONE  ✓ UNKNOWN |
|---|---|

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| A. DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?  ✓ YES ☐ NO | IF YES, IS THAT RELATIONSHIP | ✓ EMPLOYER-EMPLOYEE ☐ FRIEND/NEIGHBOR ☐ OTHER (explain)  ☐ FAMILIAL ☐ BUSINESS |
|---|---|---|

B. DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?  ☐ YES ☐ NO

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION:

| ♿ DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?  ☐ YES ✓ NO | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION: |
|---|---|
| WILL AN INTERPRETER BE NEEDED?  ☐ YES ✓ NO | IF YES, FOR WHAT LANGUAGE: |

ATTORNEY SIGNATURE

Revised effective 9/1/04

**SIDE 2**



# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

---

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

### Track I — 150 days' discovery
| | |
|---|---|
| 151 | NAME CHANGE |
| 175 | FORFEITURE |
| 302 | TENANCY |
| 399 | REAL PROPERTY |
| 502 | BOOK ACCOUNT |
| 505 | OTHER INSURANCE CLAIM (INCLUDING DECLARATORY JUDGMENT ACTIONS) |
| 506 | PIP COVERAGE |
| 510 | UM or UIM CLAIM |
| 511 | ACTION ON NEGOTIABLE INSTRUMENT |
| 512 | LEMON LAW |
| 599 | CONTRACT/COMMERCIAL TRANSACTION |
| 801 | SUMMARY ACTION |
| 802 | OPEN PUBLIC RECORDS ACT (SUMMARY ACTION) |

### Track II — 300 days' discovery
| | |
|---|---|
| 305 | CONSTRUCTION |
| 509 | EMPLOYMENT (other than CEPA or LAD) |
| 602 | ASSAULT AND BATTERY |
| 603 | AUTO NEGLIGENCE - PERSONAL INJURY |
| 605 | PERSONAL INJURY |
| 610 | AUTO NEGLIGENCE - PROPERTY DAMAGE |
| 699 | TORT – OTHER |

### Track III — 450 days' discovery
| | |
|---|---|
| 005 | CIVIL RIGHTS |
| 301 | CONDEMNATION |
| 604 | MEDICAL MALPRACTICE |
| 606 | PRODUCT LIABILITY |
| 607 | PROFESSIONAL MALPRACTICE |
| 608 | TOXIC TORT |
| 609 | DEFAMATION |
| 616 | WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES |
| 617 | INVERSE CONDEMNATION |
| 618 | LAW AGAINST DISCRIMINATION (LAD) CASES |

### Track IV — Active Case Management by Individual Judge / 450 days' discovery
| | |
|---|---|
| 156 | ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION |
| 303 | MT. LAUREL |
| 508 | COMPLEX COMMERCIAL |
| 613 | REPETITIVE STRESS SYNDROME |
| 701 | ACTIONS IN LIEU OF PREROGATIVE WRIT |

### Mass Tort (Track IV)
| | | | | |
|---|---|---|---|---|
| 240 | DIET DRUG | | 264 | PPA |
| 246 | REZULIN | | 601 | ASBESTOS |
| 247 | PROPULSID | | 619 | VIOXX |
| 248 | CIBA GEIGY | | | |

999 OTHER (Briefly describe nature of action) _____

_____

**If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics."**

Please check off each applicable category:

☐ Verbal Threshold          ☐ Putative Class Action          ☐ Title 59

Revised Effective 3/1/04

Scan Doc

Exhibit B

McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-444
Attorneys for Defendants

| | |
|---|---|
| MARIA HUDAK,<br><br>      Plaintiff,<br><br>v.<br><br>FEDERATED DEPARTMENT STORES,<br>INC., MACY'S EAST, INC. and JOHN DOES<br>1-10,<br><br>      Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: PASSAIC COUNTY<br>DOCKET NO.: PAS-L-003174-05<br><br>Civil Action<br><br>**NOTICE TO CLERK<br>OF FILING OF<br>NOTICE OF REMOVAL** |

TO:    Passaic County Clerk
        Superior Court of New Jersey
        Law Division
        77 Hamilton Street
        Paterson, New Jersey 07505

      PLEASE TAKE NOTICE that there is attached hereto a copy of the Notice of Removal

in the above captioned case which has been filed with the Clerk of the United States District

Court for the District of New Jersey.

      PLEASE TAKE FURTHER NOTICE that pursuant to 28 U.S.C. §1446, the filing of the

Notice of Removal in the United States District Court, together with the filing of a copy of the

Notice of Removal with this Court, effects the removal of this action and this Court may proceed no further unless and until the case is remanded.

McCARTER & ENGLISH, LLP
Attorneys for Defendants

By: _____
     William T. Reilly
     A Member of the Firm

Dated: August 26, 2005

Of Counsel:

Robert P. Joy
Allison K. Romantz
MORGAN, BROWN & JOY
200 State Street
Boston, MA 02108
(617) 523-6666

-2-

MEI\5187347.1