PIRO, ZINNA, CIFELLI
PARIS & GENITEMPO, P.C.
ALAN GENITEMPO, ESQ. (AG0441)
360 Passaic Avenue
Nutley, New Jersey 07110
(973) 661-0710
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____

MARIE HUDAK,                          :

    Plaintiff,                    :       Civil Action No. 05-4224 (JAG)
                                              Hon. Joseph A. Greenaway, Jr.
v.                                    :
                                              CIVIL ACTION
FEDERATED DEPARTMENT STORES,:
INC., MACY'S INC., and                        **AMENDED COMPLAINT**
JOHN DOES 1-10                        :
(fictitious names
representing unknown                  :
Defendants),
                                      :
    Defendants.
_____:

    Plaintiff, MARIE HUDAK, ("Plaintiff"), a female, residing at 513 Brittany Drive, Wayne, New Jersey 07470, who was at all times relevant to this complaint, an employee of Defendants, FEDERATED DEPARTMENT STORES, INC., ("Federated") and MACY'S, INC. ("Macy's") herein states:

**ALLEGATIONS RELEVANT TO ALL COUNTS**

    1.   At all times relevant hereto, Plaintiff was employed at Macy's Department Store, located at the Preakness Shopping Center, in the Township of Wayne, New Jersey 07470, in the County of Passaic.

2. At all times relevant herein, Defendant Federated, owned Defendant Macy's and at all times relevant hereto, maintained direct and immediate authority over the operation of the Wayne, New Jersey Macy's store.

3. On or about November 15, 1978, Sterns Department Stores hired Plaintiff. Plaintiff was born on October 9, 1941 and was age 37 when hired.

4. During the period of 1993 to 2004, Plaintiff was employed as a Counter Manager in the Ladies' Fragrance and Cosmetics Department.

5. In or about 2001 Sterns department stores became Macy's stores under the ownership and control of Defendant Federated Department Stores, Inc.

6. On or about July 5, 2004 Defendants Macy's and Federated discharged Plaintiff. Plaintiff was age 63 when terminated.

7. At all times relevant hereto, the Plaintiff duly performed all the duties of her position as Counter Manager, and was replaced by a younger person.

**FIRST COUNT**

**VIOLATION OF THE NEW JERSEY**
**LAW AGAINST DISCRIMINATION, 10:5-1, et. seq.**

1. The Plaintiff repeats each and every allegation as if the same were set forth at length herein.

2.  Defendants did maliciously and intentionally discriminate against Plaintiff with regard to her age.

3.  Said conduct included, but was not limited to, rescinding Plaintiff's employee privileges, limiting Plaintiff's work schedule, criticizing Plaintiff, continually harassing Plaintiff, disciplining Plaintiff for no reason and falsely accusing Plaintiff of theft and searching her.  Defendants also discriminated against Plaintiff because of her age by taking measures to force Plaintiff's discharge or resignation.

4.  During October 2002 Plaintiff was accused of aiding a fellow Counter Manager in stealing a perfume tester from the fragrance counter and pressured to sign a statement to that effect, which plaintiff refused to do.  When Plaintiff responded that she would be consulting a lawyer Defendants' harassment temporarily ceased.

5.  In or about 2002 Defendants hired Ms. Betty White as Department Manager.  Ms. White stated that she was hired to "clean house."  Ms. White rescinded Plaintiff and other employees' privileges to making their own schedules and that of their part timers.  The counter manager also hired models (paid by the fragrance companies) to help sell their products during peak selling time.  Ms. White also took that responsibility away from only the Plaintiff.  Following this, Ms. White gave the older employees worse schedules than other younger employees.

3

As a result, by the end of the summer, every former Stern's employee over fifty-years old had resigned or retired from the Fragrance Department with the exception of Plaintiff.

6. Defendants then began a systematic campaign to discharge Plaintiff or compel her resignation. During October 2003, Defendants suspended Plaintiff without pay for "not" taking her full lunch hour. During December 2003, Ms. Betty White gave Plaintiff the worst of the holiday schedules and refused to hire seasonal help for her counter while supplying the other counters with extra help. The same situation occurred during the January inventory. Plaintiff did the entire inventory herself. Finally, Plaintiff's purchases were continually searched while other younger employees were not. Plaintiff was even required to open her personal handbag. Finally, on July 5, 2004, after 26 years of employment, Defendant's terminated Plaintiff's employment, without reason or cause.

7. Through comments, statements and actions described above, Defendants, created and/or contributed to the creation of a hostile work environment, in which Plaintiff was subjected to hostility and abuse, in addition to discrimination and termination in employment as a result of her age. Such abuse and discrimination is in direct violation of the New Jersey Law Against Discrimination, 10:5-1, *et seq.*

4

8. As a direct and proximate result of the defendants' actions, Plaintiff has suffered and will continue to suffer physical and emotional distress, economic loss, and mental uncertainty and anguish.

**WHEREFORE**, Plaintiff, MARIE HUDAK, demands judgment against the Defendants, FEDERATED DEPARTMENT STORES, INC., MACY'S, INC. and JOHN DOES 1-10 as follows:

1) compensatory damages;
2) lost wages;
3) punitive damages;
4) interest;
5) attorneys' fees;
6) costs of suit;
7) an Order compelling Defendants to institute training and education on the NJLAD and Civil Rights;
8) an Order compelling Defendants to study the activities of store managers to prevent further discriminatory abuses and violations of Civil Rights;
9) together with any other relief the Court deems just and equitable.

## SECOND COUNT

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

1. The Plaintiff repeats each and every allegation of the First Count as if the same were set forth at length herein.

5

2. During the period of 2001 to July 2004, the Defendants intentionally created a hostile environment culminating in Plaintiff's dismissal.

3. Said conduct included, but was not limited to, Defendants denying Plaintiff weekend and holiday hours, criticizing and harassing her, and subjecting her property to searches based on false accusations of theft.

4. As a direct and proximate result of the defendants' actions, Plaintiff has suffered and will continue to suffer physical and emotional distress, economic loss, and mental uncertainty and anguish.

**WHEREFORE,** Plaintiff, MARIE HUDAK, demands judgment against the Defendants, FEDERATED DEPARTMENT STORES, INC., MACY'S, INC., and JOHN DOES 1-10 as follows:

1) compensatory damages;

2) lost wages;

3) punitive damages;

4) interest;

5) attorneys' fees;

6) costs of suit;

7) an Order compelling Defendants to institute training and education on the NJLAD and Civil Rights;

6

8) an Order compelling Defendants to study the activities of store managers to prevent further discriminatory abuses and violations of Civil Rights;

9) together with any other relief the Court deems just and equitable.

## THIRD COUNT

## FALSE IMPRISONMENT

1. The Plaintiff repeats each and every allegation of the First, Second and Third Counts as if the same were set forth at length herein.

2. Defendant, through its agents, servants and employees, unlawfully imprisoned and detained Plaintiff without cause or reasonable suspicion by knowingly restraining Plaintiff unlawfully so as to interfere substantially with her liberty.

3. Such conduct included, but was not limited to falsely accusing Plaintiff of theft and detaining her against her will, thereby depriving Plaintiff of her personal liberty.

4. In February 2003 Mr. Michael Washington demanded to check Plaintiff's purse before allowing her to leave the store. Plaintiff requested the presence of a third party. When Mr. Washington refused, Plaintiff sought out Store Manager, Erika Murphy in the ladies room. After Ms. Murphy inspected the purse, finding no stolen items, Mr. Washington nevertheless detained Plaintiff for two and a half hours, demanded that she

again be suspended, however, Ms. Murphy refused to do that. During the next two weeks Plaintiff was questioned by a Human Resources executive and then by someone from security.

    5.   On or about July 5, 2004 a female security guard stopped Plaintiff and requested to search her purse. Plaintiff again requested the presence of a third party and was refused this request. Defendants' agents then again detained Plaintiff without cause for approximately two hours, suspended Plaintiff for a week without pay and subsequently terminated her employment.

    6.   As a direct and proximate cause of the Defendant's false accusation, and unlawful detention of Plaintiff, Plaintiff has suffered great and lasting mental anguish, was humiliated, embarrassed, shocked, and was thereby injured and damaged in the Plaintiff's good name and reputation, and as a proximate result, Plaintiff has been damaged.

    **WHEREFORE**, Plaintiff, MARIE HUDAK, demands judgment against the Defendants, FEDERATED DEPARTMENT STORES, INC., MACY'S, INC., and JOHN DOES 1-10 as follows:

    1)   compensatory damages;

    2)   lost wages;

    3)   punitive damages;

    4)   interest;

    5)   attorneys' fees;

6) costs of suit;

7) an Order compelling Defendants to institute training and education on the NJLAD and Civil Rights;

8) an Order compelling Defendants to study the activities of store managers to prevent further discriminatory abuses and violations of Civil Rights;

9) together with any other relief the Court deems just and equitable.

## FOURTH COUNT

## VIOLATION OF PLAINTIFF'S RIGHT TO PRIVACY

1. Plaintiff repeats each and every allegation of the First, Second, Third, and Fourth Counts as if same were set forth at length herein.

2. Defendants, through their agents, servants and employees, invaded Plaintiff's right to privacy in violation of the U.S. Constitution, the N.J. Constitution, and the common law.

3. Defendants invaded Plaintiff's privacy by subjecting her to a nonconsensual intrusion that would be highly offensive to a reasonable person.  Said conduct included, but was not limited to, a female security person approaching Plaintiff, and in the presence of other persons, forcibly and unlawfully taking the bag held by plaintiff and searching it without her consent, and without cause or reason for suspicion.

4. As a direct and proximate cause of the unlawful search and seizure of Plaintiff's property, Plaintiff suffered great and lasting mental anguish, was humiliated, embarrassed, shocked, and was thereby injured and damaged in the Plaintiff's good name and reputation, and as a proximate result, Plaintiff has been damaged.

**WHEREFORE,** Plaintiff, MARIE HUDAK, demands judgment against the Defendants, FEDERATED DEPARTMENT STORES, INC., MACY'S, INC., AND JOHN DOES, 1-10 as follows:

1) compensatory damages;
2) lost wages;
3) punitive damages;
4) interest;
5) attorneys' fees;
6) costs of suit;
7) an Order compelling Defendants to institute training and education on the NJLAD and Civil Rights;
8) an Order compelling Defendants to study the activities of store managers to prevent further discriminatory abuses and violations of Civil Rights;
9) together with any other relief the Court deems just and equitable.

**JURY DEMAND**

Plaintiff, hereby demands trial by jury as to all matters herein.

**CERTIFICATION**

I certify, that the matter in controversy is not the subject of any other action or arbitration proceeding, now or contemplated, and that no other parties should be joined in this action at this time.

                              PIRO, ZINNA, CIFELLI
                              PARIS & GENITEMPO, P.C.
                              Attorneys for Plaintiff


                    By: s/ Alan Genitempo
                          Alan Genitempo, Esq.
                          A Member of the Firm

Dated:   January 26, 2006

**CERTIFICATION OF SERVICE**

I hereby certify that on January 26, 2006 the Amended Complaint in the within matter was filed electronically with the United States District Court, District of New Jersey.

I further certify that on the same date that a copy of same was served electronically upon counsel for the Defendants, Allison Greenberg, Esq., and William T. Reilly, Esq. of McCarter English, 100 Mulberry Street, Four Gateway Center, Newark, New Jersey 07102-4096. A copy of the Amended Complaint will also be served upon Allison Romantz, Esq. of the law firm of Morgan, Brown & Joy, LLP, via facsimile:  617-367-3135.

                                              s/Alan Genitempo

Dated:  January 26, 2006